**IT IS SO ORDERED.**

**SIGNED THIS: January 12, 2018**

_____
**Thomas L. Perkins
United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

IN RE:

RICHARD L. WEBB

DEBTOR,

Case No. 16-91260

Chapter 13

Judge Thomas L. Perkins

**AGREED ORDER**

**THIS MATTER** coming to be heard upon CIT BANK, N.A. (hereinafter "Creditor"), as to property located at 215 West Main Street, Camargo, IL, due notice having been given and the Court being advised in the premises;

**IT IS HEREBY ORDERED THAT**;

1. That Creditor must receive the following payments by the corresponding dates:
   a. 803.25 on or before January 31, 2018
   b. 803.26 on or before February 28, 2018

2. That Creditor must receive the payments listed in Paragraph #1 on or before the corresponding date. If Creditor fails to receive any one scheduled payment, the repayment schedule is void and if the Debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

3. Debtor shall keep the collateral securing Creditor's security interest fully insured for the pendency of the bankruptcy;

4. If the collateral securing Creditor's security interest is not insured and debtor fails to obtain (at least) a six-month, pre-paid, no-cancel policy of insurance on the premises and provides Creditor proof thereof within seven (7) days after mailing of notification to debtor and his attorney, the stay shall be automatically terminated as to Creditor, its agents, principals, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

5. Alternatively, if the Creditor has had to force place insurance to protect its interest in the property because the debtor failed to insure the property, debtor shall reimburse the Creditor in full for amounts disbursed. If the debtor fails to reimburse Creditor in full for the amounts disbursed, the stay shall be automatically terminated as to the creditor, its agents, principals, successors and/or assigns as to the property security its interest fourteen (14) days after mailing of notification to the debtor and debtor's attorney, upon filing of notice of the same with the clerk of the court;

6. Debtor shall pay all real property taxes for the premises securing Creditor's interest on or before the deadline set forth by the County in which the property is located;

7. If real property taxes are not paid on or before the deadline set forth by the County and debtor fails to tenders funds to the County Collector's office in an amount to bring the property taxes current and provides proof of same to Creditor within fourteen (14) days after

mailing of notification to debtor and his attorney, the stay shall be automatically terminated as to Creditor, its agents, principals, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

8. Alternatively, if the Creditor has paid taxes to protect its interest in the property because the debtor failed to pay them on or before the deadline set forth by the County, debtor shall reimburse the Creditor in full for amounts disbursed. If the debtor fails to reimburse Creditor in full for the amounts disbursed, the stay shall be automatically terminated as to the Creditor, its agents, principals, successors and/or assigns as to the property security its interest fourteen (14) days after mailing of notification to the debtor and debtor's attorney, upon filing of notice of the same with the clerk of the court;

9. That if the stay under this order is automatically terminated as to the Creditor, its agents, principals, successors and/or assigns as to the property or this case is dismissed or converted, then the Creditor's claim shall revert to a secured claim under applicable non-bankruptcy law;

10. Creditor's post-petition bankruptcy fees and costs of $1,031.00 are allowed and may be added to the indebtedness secured by the subject mortgage. These fees and costs have not been paid. Creditor will file a Notice of Post-petition Mortgage Fees under Rule 3002.1 for this amount

11. In the event that Codilis & Associates, P.C. should have to send out any Notices of Default, Creditor may include up to $50 per notice, as additional attorney fees, that the Debtor must pay in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice. Creditor is not required to file a Notice of Post-petition Mortgage Fees under Rule 3002.1 for this amount.

/s/Brian Pondenis_            _/s/ Gloria Tsotsos_
 Attorney for Debtor(s)          Attorney for Creditor

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
MaryAnn G. Kier #59899MO
**CODILIS & ASSOCIATES, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C & A File No. (14-16-07026)**

### ###